## In re Allison.

*Edward J. Thompson,* for petitioner.

FLEMING, P. J., August 26, 1930.—At the hearing held pursuant to the provisions of the act of assembly in this matter it appeared from the testimony of the petitioner, who was the only witness called, that the presumed decedent was, when last heard from in these parts, a resident of Decatur Township, Clearfield County, Pennsylvania.

Section six (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, provides as follows:

"Section 6 (a). Whenever, hereafter, any person shall be presumed to be dead on account of absence for seven or more years from the place of his or her last domicile, whether the same be within this Commonwealth or in any other State, Territory, or possession of the United States, or in any foreign country, any person entitled, under the last will and testament of such presumed decedent or under the intestate laws to any share in his or her estate within this Commonwealth, or under any deed, will, or other instrument in writing, or in any other way, method, or manner, to any share or interest in any estate held by or for such presumed decedent, for years or for the term of his or her natural life, or the escheator for the Commonwealth, may present a petition to the orphans' court of the county of such person's last residence, or, where the presumed decedent was a nonresident of this Commonwealth, in the orphans' court of the county where the greater part of his property within this Commonwealth may be situated, setting forth the facts which raise the presumption of death. . . ."

It appears nowhere in the testimony of the petitioner that the presumed decedent had ever resided within this jurisdiction, or that any of her property was located herein. The Fiduciaries Act plainly states that the proper forum is the orphans' court of such person's last residence, or, where the presumed decedent was a nonresident of this Commonwealth, the orphans' court of the county where the greater part of his property within this Commonwealth may be situated. Neither of these jurisdictional facts appears in the instant case, and we are of the opinion that we do not have jurisdiction to entertain the petition filed.

And now, August 26, 1930, the petition is dismissed at the cost of the petitioner, for reasons above stated.

From S. D. Gettig, Bellefonte, Pa.